**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ricardo MATIAS, Defendant—
Appellant.**

**No. 01–50452.
D.C. No. CR–00–00213–IEG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided April 22, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.*

### MEMORANDUM **

Following Ricardo Matias' ("Appellant") entry into the United States from Mexico, an initial inspection of his truck revealed a spare tire that appeared solid when tapped and showed signs of tampering. After a narcotics dog "alerted" to the spare tire, a search revealed approximately forty pounds of marijuana hidden inside. After a jury trial, appellant was found guilty of importation of marijuana, and this appeal followed. Appellant argues, on several grounds, that the district court erroneously admitted evidence that he had replated his truck three times over the eleven-month period before his arrest. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We consider each argument in turn, reviewing the evidentiary ruling of the district court under the traditional abuse of discretion standard. *See United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000). First, appellant argues that the replating evidence was unfairly prejudicial and should have been excluded under Fed. R.Evid. 403. "The district judge is given wide latitude in determining the admissibility of evidence" when making Rule 403 determinations. *See United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir.1995) (citation omitted). Appellant fails to sufficiently demonstrate that the district court erred in concluding that the probative value of the contested evidence was not "substantially outweighed by the danger of unfair prejudice," Fed R. Evid. 403, and we cannot conclude that the court abused its discretion in admitting it.

Second, appellant argues that the replating testimony offered by the government was "prior bad act" evidence barred by Fed.R.Evid. 404(b). The government responds that the replating evidence is "inextricably intertwined" with the crimes charged against the appellant and therefore not subject to Rule 404(b), *see United*

---

* The Honorable Charles R. Weiner, Senior United States District Judge from the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States v. Ripinsky,* 109 F.3d 1436, 1442 (9th Cir.1997), *amended at* 129 F.3d 518; and, alternatively, that the evidence is admissible under the exceptions to Rule 404(b). Because the government fails to demonstrate that the replating evidence was part of an ongoing criminal enterprise, or was necessary to establish the context in which the charged crimes arose, we are not persuaded that the inextricably intertwined exemption from Rule 404(b) analysis applies here. *See United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1013 (9th Cir.1995). However, the government correctly argues that under Rule 404(b) the replating evidence is admissible to show knowledge. *See United States v. Murillo,* 255 F.3d 1169, 1175 (9th Cir.2001) (criteria to determine admissibility of "other act" evidence under Rule 404(b): (1) event occurred; (2) was material to appellant's knowledge; (3) occurrence was recent). Absent an independent concern about the prejudice of the evidence under Rule 403, as discussed above, we find appellant's Rule 404(b) argument without merit.

Appellant also argues that the replating evidence should have been excluded on the basis of Fed.R.Evid. 404(a) as improper character evidence. This argument relies on an obfuscation of the term "character." "Character is a generalized description of a person's disposition, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness." *McCormick on Evidence* 291 (John W. Strong, ed., 5th ed.1999). The evidence objected to here, namely that appellant had four different plates on one truck over a relatively short period of time, is not indicative of character and falls outside the ambit of Rule 404(a).

Finally, appellant argues that the replating evidence was improper generalized structure, or profiling, evidence used to show how drug organizations and drug operatives work. *See United States v. Vallejo,* 237 F.3d 1008, 1012 (9th Cir.2001); *Murillo,* 255 F.3d at 1176–78. However, the evidence in this case simply does not invite the application of *Murillo, Vallejo* or other cases cited by the appellant. The government agent testified only that the use and tracking of license plates is an important tool in patrolling border entry and exit, and that Matias frequently changed his license plates. The agent did not testify that drug couriers frequently change their license plates, that those involved in drug trafficking tend to "replate" their vehicles, or anything of the kind. The replating evidence, therefore, falls short of generalized structure or drug courier profile evidence.

AFFIRMED.